UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VICTOR LIRANZO and MAFALDA COLLADO
                              Plaintiff,

         -against-

CITY OF NEW YORK, SARGEANT PATRICK
DELANEY SHIELD NO 5141

                              Defendant(s).
-----------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

The plaintiffs complaining of the defendants, by their attorney, DARMIN T. BACHU. ESQ., respectfully shows to this Court and alleges:

### JURISDICTION

1    Jurisdiction is founded upon the existence of a Federal Question.

2    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3    Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4    Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

### PARTIES

5    The plaintiff, VICTOR LIRANZO is a resident of the County of Queens in the City and State of New York and is a Hispanic male.

6    The plaintiff MAFALDA COLLADO is a resident of the County of Queens in the City and State of New York and is a Hispanic female.

7    Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW

1

YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendant SARGEANT PATRICK DELANEY acting for, upon, and in furtherance of the business of his employer and within the scope of his employment.

8    Upon information and belief, that at all times hereinafter mentioned, defendants were employed by the defendant, NYC, as members of its police department.

9    Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

10   The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

11   This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983.

12   Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

## STATEMENT OF FACTS

13. That on or about April 24, 2010, a search warrant was executed to search the first floor and basement of 108-28 37 Avenue Corona, New York.

14. That on or about April 24, 2010 at approximately 9:30 a.m. plaintiffs were arrested along with

approximately 32 other individuals.

15. At the time of her arrest, plaintiff MAFALDA COLLADO was working in the restaurant on the first floor and was behind the restaurant bar.

16. At the time of his arrest, VICTOR LIRANZO was working in the restaurant and was in the restaurant kitchen.

17. Defendant SERGEANT PATRICK DELANEY was a supervising officer in charge of the execution of the search warrant and the accompanying arrest of VICTOR LIRANZO and MAFALDA COLLADO.

18. Plaintiffs VICTOR LIRANZO and MAFALDA COLLADO were falsely charged by defendants with criminal sale of a controlled substance and marijuana and indicted by a Grand Jury.

19. Plaintiff VICTOR LIRANZO was detained for approximately thirty hours up until the time of his arraignment and was further detained for eleven days up until on or about May 5, 2010 when he was released upon the posting of $100,000.00 bail.

20. Plaintiff MAFALDA COLLADO was detained for approximately thirty hours up until her arraignment and further detained for approximately forty-one days up until on or about June 4, 2010 when she was released upon the posting of $50,000.00 bail..

21. The Grand Jury Indictment of plaintiffs VICTOR LIRANZO and MAFALDA COLLADO was dismissed in a February 18, 2011 decision by Judge Jeffrey Lebowitz..

22. Judge Lebowitz found the evidence legally insufficient to establish the commission by VICTOR LIRANZO and MAFALDA COLLADO of the offenses charged in the indictment.

23. Plaintiffs were forced to make multiple court appearances until their case was dismissed and sealed on or about March 14, 2011..

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT FALSE ARREST

24. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein

25. The plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs were subjected to being falsely arrested by the defendants

26. The defendants confined the plaintiffs, in that plaintiffs were not free to leave, defendants intended to confine plaintiffs, plaintiffs were conscious of confinement, plaintiffs did not consent to confinement and confinement was not otherwise privileged

27. .As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution, being more particularly, plaintiffs' right to be free from arrest without probable cause.

28. The false arrest of the plaintiffs was caused by the defendants, without legal justification, without authority of law and without any reasonable cause or belief that the plaintiff was in fact guilty of crimes.

29. By reason of their false arrest, plaintiffs were subjected to pecuniary harms, lost employment opportunities, plaintiffs were forced to appear in court, plaintiffs spent time in jail, were prevented from conducting their normal affairs of business, plaintiffs were searched, handcuffed, strip searched and were subjected to numerous other harms.

30. Defendant SARGEANT PATRICK DELANEY is a supervisor within the NYPD who knew of the

false arrest and continued to allow and/or participate and/or cause the arrest of the plaintiffs and who either directly participated in the violation of plaintiffs' rights or who after learning of the violation, failed to remedy the wrong, is liable to the plaintiffs for the violation of their rights pursuant to the Fourth Amendment and via the principle of supervisor liability.

31. By reason of the aforesaid, the plaintiffs are entitled to compensatory damages in a sum to be determined at trial, to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. §

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS BY THE CITY OF NEW YORK, i.e., MONELL CLAIM

32. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

33. The plaintiffs' rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendant, NYC.

34. Defendant NYC has with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of officers bringing false charges, and that there has been no meaningful attempt on the part of NYC to investigate or forestall further incidents.

35. The NYPD as a *de facto* policy and practice fails to take disciplinary action against members of the NYPD who are dishonest in swearing to facts resulting in false arrests.

36. Despite being often alerted to the recurring aforementioned problems, the NYPD has remained deliberately indifferent to said problem and in so doing encouraged its officers to persist in their illegal, unconstitutional behavior.

37. By reason of the aforementioned, the plaintiffs VICTOR LIRANZO and MAFALDA COLLADO were subjected to pecuniary harms, great indignities, humiliation, anxiety, forced to be detained respectively for eleven days and forty one days as well as being forced to make numerous forced court appearances and were subjected to numerous other harms.

38. By reason of the aforesaid, the plaintiff is entitled to compensatory damages in a sum to be determined at trial and that an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**WHEREFORE**, plaintiffs demand judgment against the defendants in compensatory and punitive damages in sums to be determined at trial on the First Cause of Action; in compensatory and punitive damages in sums to be determined at trial on the Second Cause of Action along with reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 on all plaintiff's causes of action together with costs and disbursements of this action; a trial by jury of all issues alleged in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: January 29, 2013

Queens, New York

_____
DARMIN T. BACHU, ESQ (DB-5392)
Attorney for Plaintiff
87-46 Van Wyck Expwy
Kew Gardens, N.Y. 11418